MORENO, J.
I concur. It is true, as the husband in this action, Douglas Benson, contends, that there may be circumstances in which there is a conflict between Family Code section 852, subdivision (a),[1] authorizing transmutation of property within a marriage only by means of express written declaration, and section 721, subdivision (b), imposing on spouses a fiduciary duty toward each other. Such a conflict may occur when, for example, one spouse unfairly gains a benefit from the other spouse in exchange for an orally promised transmutation that in fact has no legal effect.
This kind of unjust enrichment and breach of fiduciary duty, while suggested by the facts of the present case, are not at issue here. As the majority correctly points out, husband has settled his claim with respect to the conveyance of the house he contends was quid pro quo for the alleged oral promise to transmute his retirement accounts from community property to *1113 separate property. Therefore, he cannot validly claim before this court that he was unlawfully or inequitably disadvantaged by that conveyance. His is the narrower argument that his part performance of an agreement with his wife is an adequate substitute for the express declaration of transmutation required by section 852, subdivision (a), which the majority properly rejects. We therefore have no occasion to decide what statutory or equitable remedy would be available to make whole a spouse who has been disadvantaged by an illusory oral promise to transmute property, or what sanction may be employed against a spouse who has used section 852, subdivision (a) as a means of breaching his or her fiduciary duty and gaining unjust enrichment.

All statutory references are to the Family Code.